By the Court.—O’Gorman, J.
The action was brought by plaintiff to recover damages sufficient to *437 include $125, the deposit paid by him on the execution by defendant of a written contract to sell to the plaintiff the lot known as Forty-four Monroe street in the city of New York, “ said lot being twenty-four feet and eight and one half inches in front and rear by ninety-seven feet and six inches in depth on both sides ” and to give a warranty deed with full covenants for conveying the lot.
The premises were in fact only twenty-four feet and three inches in width instead of twenty-four feet and eight and a half inches, as called for in the agreement, and plaintiff refused to accept from defendant a deed describing the lot as containing a smaller space than that stated in the agreement. Plaintiff expended also one hundred dollars for examination of title. The defendant answered, setting up a counterclaim for $1,225,75 damages alleged to have been incurred by him by reason of plaintiff’s refusal to accept the deed tendered to him and pay the balance of purchase money.
The defendant’s contention cannot prevail. The plaintiff was clearly entitled to a conveyance sufficient to vest in him the title to all, not merely a portion, of the lot as described in the contract of sale, and to compel him to pay the whole purchase money for a lot smaller than that described in that contract, would be manifestly unjust.
The cases cited on behalf of the defense, do not seem to me to be in point or controlling. In the purchase of a city lot, the quantity of space can seldom be accurately described by visible metes and bounds, as may be done in the case of the purchase of a tract of farm land. The usual and only accurate and reliable mode of measurement of a city lot is by feet and inches and this measurement is the proper description, and that by which the parties to the contract must have intended to be bound, for the difference of a few inches more or less in the lines within which a city lot is bounded, *438 might cause a difference in pecuniary value exceeding that of acres of farm land.
The direction of the learned trial judge and the verdict rendered thereon, were right.
The judgment must be affirmed, with costs.
Sedgwick, Ch. J., concurred.